## JOHN H. HUTCHINSON ET AL.

### v.

## JOHN A. CRAIN ET AL.

INSTRUCTIONS — MISRECITING TESTIMONY — UNDUE PROMINENCE TO PARTS OF THE TESTIMONY.—An instruction which misrecites portions of the testimony, and which calls the attention of the jury to particular portions of the evidence, by italicizing the same, is erroneous. Such an instruction is well calculated to influence the jury to the prejudice of the opposite party, and for that reason should not have been given.

ERROR to the County Court of Morgan county; the Hon. E. P. KIRBY, Judge, presiding.

Mr. OSCAR A. DE LEUW, for plaintiffs in error; contending that one member of a firm cannot bind the firm by acts or for purposes not within the scope of the firm business, cited McNair v. Platt, 46 Ill. 211; Brewster v. Mott, 4 Scam. 378; Richardson v. French, 4 Met. 577; Baron v. Young, 7 Miss. 1; Ulery v. Ginrich, 57 Ill. 531; Hedly v. Bainbridge, 3 Ad. & E. 316; Cooke v. Branch Bank, 3 Ala. 175.

To bind the firm on a note not given in the course of the firm business, such note must be in the hands of an innocent holder without notice: Whaley v. Moody, 2 Humph. 495;

Hutchinson et al. v. Crain et al.

Emerson v. Harmos, 2 Shep. 271; Bank v. Gilliland, 23 Wend. 311; Austin v. Vandermark, 4 Hill, 259.

The burden of proof to show the concurrence of the other partners in the unauthorized acts of one of the firm, is upon the holder of such note: Leverson v. Lane, 13 C. & B. 278; Parsons on Contracts, 162; Metcalf on Contracts, 118; Darling v. March, 22 Me. 188.

Mere knowledge of the partners is no proof of assent: Elliott v. Dudley, 19 Barb. 326; Mercein v. Andrews, 10 Wend. 463.

The court should have allowed evidence to show that Kehoe was solvent and Barrett insolvent at the time of signing the note: Bank v. Bowen, 7 Wend. 158; Joyce v. Williams, 14 Wend. 141; Wilson v. Williams, 14 Wend. 146; 3 Binn. 520.

Admissions by other parties of liability should be explicit, and not by way of inference: Elliott v. Dudley, 19 Barb. 326; Sweetsen v. French, 2 Cush. 309; Shireff v. Wilks, 1 East. 48; Wells v. Westerman, 2 Esp. 731; Edwards on Bills, 103; 14 Wend. 577.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for defendants in error; that the assent of the partners is an adoption of the note, though in the hands of a party who took it with notice, cited Edwards on Bills, 106; Com. Bank. v. Warren, 15 N. Y. 133.

Such assent may be implied from facts and circumstances: Gansevoort v. Williams, 14 Wend. 133.

Subsequent recognition of an unauthorized act, is equivalent to previous authority: Byles on Bills, 36.

If the other partners on being informed of the unauthorized act of one of their firms do not dissent or give notice to the payee, they will be bound: Foster v. Andrews, 2 Pa. 160.

It is the province of the jury to reconcile conflicting evidence, and their verdict should not be disturbed: City of Chicago v. Torgerson, 60 Ill. 200; City of Galesburg v. Higley, 61 Ill. 287; Fitch v. Zimmer, 62 Ill. 126; Robinson v. Parish, 62 Ill. 130; Stenger v. Swartwout, 62 Ill. 257; Peru Beer Co. v. First Nat. Bank, 62 Ill. 265; Cass v. Campbell, 63 Ill. 259; Chapman v. Stewart, 63 Ill. 332; C. A. & St. L. R. R. Co. v. Stover, 63 Ill. 358;

Vogt v. Buschman, 63 Ill. 251; Tucker v. Watte, 64 Ill. 416; McNellis v. Pulsifer, 64 Ill. 494; McLain v. Farden, 83 Ill. 15; Corwith v. Coulter, 82 Ill. 585; Pafineau v. Belgarde, 81 Ill. 61.

HIGBEE, P. J.   This was an action of assumpsit brought by defendants in error against plaintiffs in error in the County Court of Morgan county on the following promissory note:

"886.25.                    WAVERLY, ILL., January 1st, 1878.

"One day after date we or either of us promise to pay Crain & Manson or order eight hundred and eighty-six dollars and twenty-five cents, for value received, to bear ten per cent. interest from date until paid.   If the interest is not annually paid, to become as principal and bear same rate of interest.

"Negotiable and payable without defalcation or discount.

    "[SIGNED.]                    J. E. BARRETT,
                               "HUTCHINSON BROS. & Co."

To the declaration defendants, John M. Hutchinson and Jesse S. Allen, filed a plea of non-assumpsit sworn to.

A judgment was rendered against all the defendants below, from which they prosecute a  writ of error to this court, and errors are assigned upon the instructions given and refused, and in overruling a motion for a new trial.

It is conceded that the firm of Hutchinson Bros. & Co. were securities on this note only, and that no part of the consideration of the same was received by them.   It further appears by the evidence in the case, that the firm name to the note was signed by Daniel B. Hutchinson, in the absence of Allen, who testifies that he had no knowledge of the note until sometime after it was given, and that he never authorized the firm name to be signed to it.

Plaintiffs below sought to show by declarations and conversations of Allen, made after the execution of the note, that he had assented to its execution or ratified it afterwards.   The evidence upon this subject was rather vague and unsatisfactory, and was contradicted by Allen.   At the instance of defendants in error the court gave, among others, the following instruction:

3d. "That upon the question of the ratification of the signature of the firm name of Hutchinson, Bro. & Cos. to the note in suit in this case, the jury are instructed that they should consider all the facts and circumstances appearing in the evidence in this case, and if they find from the evidence that after the signature of said firm name to said note, that the defendant Allen admitted his liability thereon, and said in substance to the witnesses that he would have to pay said note, and that 'it would break him up,' and made attempts to get Barrett to indemnify him for being such security, then these facts, if proven, should be considered by the jury in determining the question of such ratification. And if the jury, from all the evidence in the case, believe that said Allen, after the signature of said firm name to said note, with a knowledge of the facts in the case, did ratify the same, their verdict should be for the plaintiffs as to said Allen."

This instruction should not have been given, for two reasons. In the first place it misrecites the evidence; Crain does not say that Allen said *"he would have the note to pay."* His statement in his evidence is that Allen said "he'd be broke up *if* he had it to pay."

Barrett says in his examination in chief: "Allen was security for me on some other paper * * * In February, I proposed to Allen to go to Missouri and buy a mill, and he got mad and said, by about the time he'd paid off these notes he'd be ruined. * * * I understood him to mean this note sued on as well as the others on which he was security. On his cross-examination he says in reference to the same conversation. I said to Allen, suppose you sell out here, and lets go to Missouri in the milling business. He just remarked that I had him in such a fix that he had nothing to sell out; that John M. and David Hutchinson had nothing to pay with, and he would have to pay it. Following this he says that Allen said, *if* he had the Moffit note and also this one to pay, it would take all he had.

Take all these statements together, and they do not justify the recital in the instruction, made still more emphatic by italicizing the same. Again, when the evidence is slight or

is highly contradictory, it is unfair to select isolated portions of the evidence and give them prominence by calling the attention of the jury especially to them. Frame v. Badger, 79 Ill. 441.

The jury may well infer, from such prominence given to particular portions of the evidence, that they strike the mind of the Court as controlling features in the case. If any portion of the evidence bearing upon a particular point in issue is thus made prominent, it would seem but fair that all the evidence touching the same matter on both sides should be stated. Such a course would be less likely to work injury to either party. The practice of reciting the evidence in instructions does not seem to meet with the favor of the Supreme Court of this State. In the case of Frame v. Badger, *supra*, it is said: The Court should always instruct that if the facts averred in the issue are proven, reciting them, then they should find for the party in whose favor they shall find the facts; or, if either party holding an affirmation fail to prove the affirmative facts, the jury may be told that if they so find they should find against him.

We think in this case the giving the instruction complained of was well calculated to influence the jury to the prejudice of plaintiff in error, Allen, and for that reason, that the judgment should be reversed and the cause remanded.

Reversed and remanded.